UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| NICHOLAS EDWARD GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 26-013-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | **MEMORANDUM OPINION** |
| INVESTIGATION, CJIS, NICS | ) | **AND ORDER** |
| SECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Commonwealth of Kentucky and Attorney General Russell Coleman, in his official capacity, move to dismiss Plaintiff Nicholas Edward Godfrey's claims for failure to state a claim upon which relief may be granted. [Record No. 7] They argue in the alternative that, even if Godfrey sufficiently states a claim, Attorney General Coleman is immune from suit. [*Id.*] In a separate motion, the federal government defendants—identified as the Federal Bureau of Investigation, CJIS, NICS Section, and Robin Stark-Nutter, NICS Section Chief, in her official capacity—also moves to dismiss Godfrey's Complaint for failure to state a claim. [Record No. 10]

The Court will grant the motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons that follow.

**I.**

In 2001, Godfrey was convicted in Arizona of Possession of Equipment for Purposes of Manufacturing a Dangerous Drug, a Class Three Felony, in violation of A.R.S. 13-3407

- 1 -

(A)(3) and (B)(3), (C), (F), (G) and (H); 13-3418.  [Record No. 1-4 at 2, 5]  He was sentenced to 180 days of incarceration, followed by five years of probation.  [*Id.* at 5]  In 2004, after he was discharged from probation, the court set aside his judgment of conviction and restored his rights.  [*Id.* at 3]  The order, however, did not restore his right to possess or carry a firearm. [*Id.*]

In 2023, Godfrey sought the restoration of his gun rights in an Arizona Court.  [*Id.* at 5]  Pursuant to A.R.S. § 13-905, the court issued an order restoring his right to possess or carry a firearm.  [*Id.*]  Later, in May 2025, Godfrey petitioned the Arizona Court to seal the record of his felony conviction, and the court granted that petition.  [*Id.* at 6–7]

Following his 2001 conviction, Godfrey was convicted in December 2007 in Indiana of Battery with a Deadly Weapon, a Class C Felony.  [Record No. 1-3 at 3]  On the same day, the court dismissed a Class D domestic violence charge and a misdemeanor charge for resisting law enforcement.  [*Id.* at 8]  Godfrey later petitioned to expunge the arrest records associated with the dismissed misdemeanor charges.  [*Id*. at 7–8]  And that petition was granted.  [*Id.*]

In February 2023, an Indiana court sealed the records related to the battery conviction. [Record No. 1-3 at 2–3]  It also restored Godfreys's civil rights to vote, hold public office, and serve as a juror, but did not expressly restore his right to possess a firearm.  [*Id.* at 5]

Godfrey now seeks to possess a firearm in Kentucky.  On January 6, 2026, the Federal Bureau of Investigation ("FBI") informed Godfrey that, for purposes of Kentucky law, he is considered a convicted felon and that the state of Kentucky will not honor any restoration of rights issued by another state unless the individual has been granted a full pardon by the governor of that state or by the President of the United States.  [Record Nos. 1-1 and 1-10]

- 2 -

On January 14, 2026, Godfrey filed this action *pro se*. [Record No. 1] He alleges that the defendants have erroneously deprived him of his rights under the Second Amendment to the United States Constitution. [*Id.*] He further claims that the Commonwealth of Kentucky has failed to recognize the restoration of his rights by other states. [*Id.*] Godfrey also alleges that the FBI and "Kentucky officials" are acting in concert to deprive him of his constitutional rights. [*Id.*] As relief, he asks the Court to direct the Commonwealth to recognize the restoration of his rights by Arizona and Indiana and to permit him to possess a firearm. [*Id.*]

**II.**

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). And while a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Further, while plaintiffs are not required to plead facts showing that the defendant is likely to be responsible for the harm alleged, they must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. When reviewing a motion under Rule 12(b)(6), the court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff

to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).

**III.**

**A.  Constitutionality of Ky. Rev. Stat. § 527.040**

Godfrey challenges the constitutionality of Kentucky Revised Statute § 527.040.  The Court begins analysis of this claim by noting that "[s]tate statutes, like federal ones, are entitled to the presumption of constitutionality until their invalidity is judicially declared." *Freed v. Thomas*, 81 F.4th 655, 660 (6th Cir. 2023) (citation omitted).  Courts likewise presume a statute to be valid unless "the contrary clearly appears; and in case of doubt, every possible presumption not clearly inconsistent with the language and the subject matter is to be made in favor of the constitutionality of legislation." *Black Mountain Energy Corp. v. Bell Cnty. Bd. of Educ.*, 467 F. Supp. 2d 715, 718 (E.D. Ky. 2006) (quoting *Tower Realty v. City of East Detroit*, 196 F.2d 710, 718 (6th Cir.1952)).

In relevant part, the Kentucky statute at issue provides:

(1)  A person is guilty of possession of a firearm by a convicted felon when he possesses, manufactures, or transports a firearm when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court and has not:

(a)  Been granted a full pardon by the Governor or by the President of the United States; or

(b)  Been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968, as amended.

Ky. Rev. Stat. § 527.040(1).  Godfrey asserts that Ky. Rev. Stat. § 527.040(1) violates his Second Amendment right to bear arms because Arizona and Indiana courts have expunged and sealed his prior felony convictions.  [*See* Record No. 1-1.]  However, he offers only conclusory

- 4 -

allegations and fails to articulate how Kentucky's statute infringes his rights. His bare assertion that Kentucky refuses to recognize another state's restoration of rights does not establish a constitutional violation. [*See* Record No. 1-1 at 2.] But even if properly developed, his Second Amendment claim would fail on the merits.

The Supreme Court has made clear that the right to keep and bear arms is not unlimited. *District of Columbia v. Heller,* 554 U.S. 570, 626 (2008). Kentucky law prohibits convicted felons from possessing firearms, and courts have long recognized this restriction as a permissible limitation consistent with the Second Amendment. *Heller*, 554 U.S. at 626; *see Commonwealth v. Frazier*, 722 S.W.3d 541, 566 (Ky. App. 2025) (holding that Ky. Rev. Stat. § 527.040 is facially constitutional under the Second Amendment); *see also Eary v. Commonwealth*, 659 S.W.2d 198, 200 (Ky.1983) ("It is our opinion that a statute limiting the possession of firearms by persons who, by their past commission of serious felonies, have demonstrated a dangerous disregard for the law and thereby present a threat of further criminal activity is reasonable legislation in the interest of public welfare and safety and that such regulation is constitutionally permissible as a reasonable and legitimate exercise of the police power.")

Godfrey's preemption argument also fails. Whether federal law preempts state law is a question of law. *Nickels v. Grand Trunk W. R.R*., 560 F.3d 426, 429 (6th Cir. 2009). Implied preemption arises through either field preemption or conflict preemption. *Fulgenzi v. PLIVA, Inc.*, 711 F.3d 578, 583-84 (6th Cir. 2013). Godfrey appears to invoke conflict preemption, which applies only when compliance with both state and federal law is impossible or when state law obstructs Congress's objectives. *Id*. at 584. Courts, however, recognize federalism concerns and typically apply a presumption against preemption. *Id*. But "[w]here state and

federal law 'directly conflict,' state law must give way." *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) (quoting *Wyeth v. Levine*, 555 U.S. 555, 583 (2009) (Thomas, J., concurring)). Godfrey has not overcome this presumption because he fails to identify any direct conflict between Ky. Rev. Stat. 527.040 and federal law.

To the contrary, federal law incorporates and reinforces state-law restrictions on firearm possession. Title 18 of the United States Code, § 922(b)(2), prohibits licensed firearm dealers from transferring firearms when possession would violate state law, and § 922(t) authorizes denials based on such prohibitions. *See also, e.g.*, 28 C.F.R. § 25.6(c)(1)(iv) (explaining approval may be delayed or denied based on state law). Because Kentucky law bars Godfrey from possessing a firearm, he was properly denied his attempted transfer under § 922(t). No direct conflict exists, and Kentucky's statute does not frustrate congressional objectives. *See Heller*, 554 U.S. at 625–27 ("nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons."); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (the Supreme Court reiterating its position on felon-in -possession statutes) Nor can Godfrey show impossibility preemption. Godfrey has not demonstrated how compliance with both legal regimes requires different conduct. *See Fulgenzi,* 711 F.3d at 584.

Godfrey appears to argue that 18 U.S.C. § 921(a)(20) conflicts with Ky. Rev. Stat. § 527.040. However, that argument is unpersuasive. Section 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year" for purposes of federal firearms law. It provides that the existence of a qualifying conviction is determined in accordance with the law of the jurisdiction where the proceedings occurred. 18 U.S.C. § 921(a)(20). It further states that any conviction that has been "expunged, or set aside or for which a person has been

- 6 -

pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter," unless the relevant relief expressly prohibits the individual from shipping, transporting, possessing, or receiving firearms. *Id.*

This federal definition does not conflict with Kentucky law. Instead, it governs the scope of federal firearm prohibitions while incorporating state law in determining the status and effect of the conviction. Moreover, as discussed above, federal firearm law expressly recognizes and reinforces state-law restrictions on firearm possession. *See* 18 U.S.C. § 922(b)(2). Accordingly, Godfrey's argument challenging the constitutionality of Ky. Rev. Stat. § 527.040(1) fails.

**B.  Failure to State a Claim Upon Which Relief May Be Granted**

Godfrey alleges that his Second Amendment right to bear arms has been violated because he has been denied possession of a firearm in Kentucky although Arizona and Indiana courts have expunged and sealed his felony records. [Record No. 1-1, 1-2] The Commonwealth and Attorney General Coleman argue that Godfrey has failed to state a claim upon which relief may be granted because he has not shown that he has been pardoned by the governors of the States of Arizona or Indiana, or that he received a full pardon or restoration of his firearm rights from the Governor of Kentucky in accordance with Ky. Rev. Stat. § 527.040. [Record No. 7 at 6–7] The United States defendants indicate in their motion to dismiss that they adopt and incorporate the Commonwealth of Kentucky's pleadings explaining and defending the state law applicable to Godfrey. [Record No. 10 at 3 (citing Record Nos. 7 at 65–73 and 9 at 85–90)]

Godfrey fails to state a claim upon which relief may be granted. Under Ky. Rev. Stat. § 527.040, Kentucky law prohibits a convicted felon from possessing, manufacturing, or

- 7 -

transporting a firearm unless the individual has received a full pardon from the Governor or the president of the United States, or has been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968.  Thus, a person is guilty of possession of a firearm by a convicted felon if he possesses a firearm after a felony conviction in any state or federal court and has not obtained such relief.  Ky. Rev. Stat. § 527.040. Godfrey does not allege that he has received a full pardon or that he has otherwise been granted relief pursuant to Ky. Rev. Stat. § 527.040.

Kentucky law distinguishes between full and partial pardons.  In *Cheatham v. Commonwealth*, 131 S.W.3d 349 (Ky. Ct. App. 2004), the court explained that a partial pardon issued under Section 145 and 150 of the Kentucky Constitution restore only limited civil rights, such as voting or holding office, and does not restore the right to possess a firearm.  Only a full pardon under Section 77 of the Kentucky Constitution restores all civil rights, including firearm rights.  *Cheatham*, 131 S.W.3d at 350.  By contrast, a partial pardon removes only certain legal consequences or restores specific rights expressly designated by the Governor in his pardon.  *Id.*  Accordingly, a convicted felon in Kentucky cannot regain the right to possess a firearm unless the Governor of Kentucky—or the governor of the state where the felony occurred—grants either a full pardon or a partial pardon that explicitly restores firearm rights. *See id.*  Godfrey does not allege that he received a full pardon from the governors of Arizona, Indiana or Kentucky, nor does he claim that any pardon restored his firearm rights.

Godfrey nonetheless argues that his Second Amendment rights are being violated because courts in Arizona and Indiana expunged or sealed his records.  He cites court orders he obtained in Indiana and Arizona that restore his right to possess firearms in those states. [Record Nos. 8 at 3–4, 1-3, 1-4, and 1-5]  However, those court orders do not change the fact

- 8 -

that he previously was convicted of multiple felony offenses in those states. Kentucky law provides no exception for expungement or restoration of certain civil rights and continues to prohibit firearm possession by convicted felons. *See* Ky. Rev. Stat. § 527.040. Expungement or record sealing does not negate felony status or automatically restore firearm rights in Kentucky.

In summary, Godfrey has not shown that he received a qualifying pardon or alleged facts demonstrating that he is not a convicted felon under Ky. Rev. Stat. 527.040. His complaint therefore fails to state a claim upon which relief can be granted. Even accepting all alleged facts as true, Godfrey does not plead facts supporting a violation of his Second Amendment rights, and dismissal of this claim is warranted.

The Commonwealth and Attorney General Coleman also argue that Godfrey has not sufficiently alleged facts supporting a conspiracy claim. [Record No. 7 at 8] They contend that he has not alleged any facts concerning how or which officials allegedly acted in concert, nor any allegations generally supporting a conspiracy claim. [*Id.*] The United States defendants also adopt and incorporate the Commonwealth's arguments regarding this claim. [Record No. 10 (citing Record Nos. 7 at 1–9 and 9 at 1–6)]

Upon review, the Court concludes that Godfrey fails to allege sufficient acts to support his claims that "[t]he FBI and Kentucky officials acted in concert to deprive [him] of [his] Constitutional 2nd Amendment rights." [Record No. 1-1 at 2] To state a civil conspiracy claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege "an agreement between two or more persons to injure another by unlawful actions." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). Specifically, a plaintiff must plead sufficient facts to support a reasonable inference that "(1) a single plan

existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Id.* (internal quotations omitted).  Such claims "must be pled with some degree of specificity."  *Gutierrez v. Lynch*, 82 F.2d 1534, 1538 (6th Cir. 1987).

Here, Godfrey's allegations are too vague and conclusory to meet this standard.  He does not identify a single plan or shared objective among the alleged conspirators to deprive him of his constitutional rights.  Instead, his claim appears to stem from his disagreement with the enforcement of Ky. Rev. Stat. 527.040.  But that disagreement alone does not establish a conspiracy or unconstitutional conduct.  Moreover, as discussed above, Godfrey does not allege facts showing that he is not a convicted felon under Ky. Rev. Stat. 527.040 or that his constitutional rights were unlawfully infringed.  Because his allegations lack the factual specificity required to support a plausible inference of conspiracy, and because he fails to sufficiently allege that he was deprived of a constitutional right, his claim fails and dismissal is warranted.

Because the Court concludes that Godfrey fails to state a claim for a Second Amendment violation or for conspiracy, it need not address Attorney General Coleman's alternative argument that he is entitled to qualified immunity.

**IV.**

Based on the foregoing analysis and discussion, it is hereby **ORDERED** as follows:

1.    Defendants the Commonwealth of Kentucky and Attorney General Russell Coleman's Motion to Dismiss [Record No. 7] is **GRANTED**.

2.    Defendants the Federal Bureau of Investigations CJIS, NICS Section and NICS Section Chief Robin Stark-Nutter's Motion to Dismiss [Record No. 10] is **GRANTED**.

- 10 -

3.      This action is **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and **STRICKEN** from the docket.

Dated:  April 2, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky